UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

IN RE: CASE NO. 3:19-cv-001466 (S.D.OHIO)

JOHNSON ELECTRIC NORTH AMERICA, INC.

       Plaintiff,

v.

HONEYWELL INTERNATIONAL, INC.

       Defendants.

**THIRD PARTY RECIPIENT FALCO
ELECTRONICS' RESPONSES AND OBJECTIONS TO SUBPOENA**

       Third Party Subpoena Recipient, Falco Electronics ("Falco"), pursuant to Fed. R. Civ. P. 45(d)(2)(b) provides its objections to the subpoena duces tecum served upon it by Johnson Electric North America, Inc. ("Johnson Electric"), by U.S. Mail on or about June 2, 2020 (Exhibit "A")[1] as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

       1.    Falco objects to the subpoena duces tecum to the extent that it seeks documents that are duplicative and cumulative of documents that should be more readily available from a party to the proceeding, rather than a non-party such as Falco. This unnecessary burdening, inconveniencing, and requiring a third party to engage in expensive production when less expensive alternatives are available is in contravention to Fed. R. Civ. P. 26(b)(2)(C). Johnson Electric seeks information that should be readily available from an actual party to the

---

[1] To undersigned's understanding, the subpoena was only served by regular U.S. Mail and due to the Covid19 epidemic and building closures, it is uncertain when exactly the subpoena was served, if at all. Falco has requested but has not yet received the return of service of the subpoena.

proceeding, Honeywell International, Inc. ("Honeywell"). *See, e.g., Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 U.S. Dist. LEXIS 107723, at *9 (N.D. Ill. Aug. 17, 2015) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative ."); *Hemlock Semiconductor Corp. v. Kyocera Corp.*, No. l 5-cv-11236, 2016 U.S. Dist. LEXIS 915, at *56 (E.D. Mich. Jan. 6, 2016) (quashing non-party subpoenas, in part, because they were unreasonably cumulative or duplicative of discovery the defendant was able to obtain directly from the plaintiff).  Here, most if not all of the information Johnson Electric seeks from Falco is duplicative or cumulative of information it can seek from Honeywell.

2.Johnson has submitted twelve broad categories of document requests which are in fact, overbroad, seek proprietary competitive information and are unduly burdensome. Falco is a competitor of Johnson.  Falco objects to the production of any electronically stored information ("ESI") or paper documents until Falco has had the opportunity to confer with all parties, determine how the requests can be narrowed to avoid undue burden and expense, including the preparation of ESI protocols narrowing down the relevant time period specified and the scope of the requests in accordance with Fed. R. Civ. P. 26(b)(2)(B) and (C) to prevent significant expense resulting from compliance and to protect Falco from disclosing trade secrets and confidential research, development or commercial information or other privilege.  Fed. R. Civ. P.45(d)(2)(B), (d)(3) and (e)(2)(A)(B).  Falco reserves the right to file a motion to quash the subpoena after conferring with Johnson.

3.Falco objects to the production of all documents designated in the subpoena duces tecum to the extent that the Request seeks discovery or information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure or is otherwise overbroad, unduly burdensome, or harassing.

4.      Falco objects to any production of all documents designated in the subpoena duces tecum which contains words or phrases which are undefined and thus require Falco to guess or speculate as to what information is being requested under the Request and which is also, consequently, vague, and ambiguous.

5.      Ms. Elisa Gibellini is General Counsel to a multiple number of "Falco" corporations. Consequently, addressing the subpoena duces tecum to "Falco c/o Ms. Elisa Gibellini, General Counsel" renders the subpoena duces tecum vague, ambiguous and overbroad and forces Falco to guess or speculate as to which Falco entity the documents are being requested from.

6.      Falco does not concede that the documentation and/or information is properly discoverable or admissible at trial and reserves the right to object to further discovery into the subject matter of each request and to object to the admissibility of the information provided.

7.      Falco reserves the right to supplement or amend its responses.

8.      Subject to these objections, above, Falco submits the following specific objections:

**FALCO'S SPECIFIC RESPONSES TO JOHNSON ELECTRIC'S SUBPOENA**

1.      **Request No. 1 (As Amended):** [2] All documents related to any contractual agreement or potential agreement with Honeywell as it relates to the Alpha4 project, between 2015 and the present, including but not limited to related correspondence and drafts of any such agreement.

>   **RESPONSE:** Falco objects to Request No. 1, as amended, because it is overly broad and unduly burdensome. Moreover, Falco objects to this Request because it is not

---

[2] By email dated June 10, 2020 (attached hereto as Exhibit "B"), counsel for Johnson proposed to narrow some of the requests. Consequently, Falco has included the proposed amended requests rather than the original requests as originally propounded.

limited to a reasonable time limitation. Furthermore, Falco objects to this Request because it seeks information that can easily be obtained by discovery directly from Honeywell without burdening a third party such as Falco. Further, by this request Johnson is seeking trade secret or other confidential research, development or commercial competitive and proprietary information of Falco's means and methods which shall be set forth by separate motion to quash. Moreover, this request is particularly onerous as it seeks proprietary information from a Johnson Electric competitor.

Falco also objects to Johnson Electric's document request as it seeks to obtain confidential and proprietary business dealings between Honeywell and Falco and also objects to this request because it seeks information that is confidential and proprietary. Ultimately to the extent that any such information is determined to be discoverable shall only be produced subject to a properly entered Protective & Confidentiality Order.

2. **Request No. 2**: All documents related to any contractual agreement or potential agreement with Honeywell, related to Honeywell's Alpha 4 Program, including but not limited to related correspondence and drafts of any such agreement.

**RESPONSE:** Other than the reference to the amendment, see response and objection **to** Request No. 1. because it seeks information that is confidential and/or proprietary and from a Johnson Electric competitor.

3. **Request No. 3**: All documents related to the design, manufacture, or production of a meter base, relay or switch for Honeywell's Alpha 4 Program.

**RESPONSE:** Falco objects to this request because it seeks information that is confidential and/or proprietary. Falco also objects to this request because it seeks information that can easily be obtained by discovery propounded onto Honeywell. Falco also objects to this request because any information not in possession of Honeywell is confidential and/or proprietary. Such information, to the extent produced by Falco, shall only be produced subject to a properly entered Protective and Confidentiality Order, which the parties shall agree upon. Moreover, this request particularly seeks proprietary information from a Johnson Electric competitor.

4.      **Request No. 4**: All documents regarding Honeywell's Alpha 4 Program, including, but not limited to, specifications, requirements, forecasts, purchase orders, quotes, or agreements.

> **RESPONSE:** Falco objects to Request No. 4 because it seeks information that is confidential and/or proprietary. Furthermore, Falco also objects to this Request because it seeks information that can easily be obtained by discovery propounded onto Honeywell. Falco objects to Request No. 4 because it is overly broad and unduly burdensome. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

5.      **Request No. 5**: All correspondence between Falco Electronics and Honeywell related to the Alpha 4 Program.

> **RESPONSE:** Falco objects to Request No. 5 because it is overly broad and unduly burdensome. Falco also objects to this Request because it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, Such information, to the extent produced by Falco, such information shallould only be produced subject to a properly entered Protective & Confidentiality Order.

6.      **Amended Request No. 6**: All correspondence, between 2017 and the present, between Falco Electronics and Honeywell mentioning or referring to Johnson Electric and the Alpha4 project, the RexU product, or the supply of products to Johnson Electric for the production of the Alpha 4 project.

> **RESPONSE:** Falco objects to this Request because it is overly broad and unduly burdensome. Falco objects to this Request because it is not limited to a reasonable scope in relation to the claims and defenses in this action.
>
> Falco also objects as Johnson Electric, as a competitor, clearly seeks to obtain confidential and proprietary business dealings between Honeywell and Falco, and because it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, Such information, to the extent produced by Falco, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

7. **Request No. 7**: All documents related in any way to Falco's bid, quote, or production of Honeywell's Alpha 4 program, or any related component.

   **RESPONSE:** Falco objects to this Request because it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

8. **Request No. 8:** All documents that are related in any way to Honeywell's March 5, 2019 E-Auction.

   **RESPONSE:** Falco objects to Request No. 8 because it seeks information that is confidential and/or proprietary. Furthermore, Falco also objects to this Request because it seeks information that is more easily available from the E-Auction company that conducted said auction or can more readily be obtained by discovery from Honeywell.

9. **Amended Request No. 9**: All purchase orders received by Honeywell between April 2017 and the present any products related to the Alpha4 project or RexU products.

   **RESPONSE:** Falco objects to Request No. 9 because it is overly broad and unduly burdensome. Moreover, the Request does not make sense as Johnson is requesting purchase orders received by Honeywell. Johnson Electric, as a competitor, clearly seeks to obtain confidential and proprietary business dealings between Honeywell and Falco, and it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

10. **Request No. 10:** All documents related to any meeting between Honeywell and Falco regarding the Alpha 4 Program, including, but not limited to, calendar notices, agendas, meeting notes and related correspondence.

    **RESPONSE:** Falco objects to Request No. 10 because it seeks information that is confidential and/or proprietary. . Falco also objects to Request No. 10 because it is overly broad and unduly burdensome. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order

11. **Request No. 11:** All documents related to the design of the Alpha 4 Program as an integrated meter base.

**RESPONSE:** Falco objects to Request No. 11 because it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, Such information, to the extent produced by Falco, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

12.     **Request No. 12:** All documents related to any ANSI testing of any component of the Alpha 4 Program.

**RESPONSE:** Falco objects to Request No. 12 because it seeks information that is confidential and/or proprietary. Such information, to the extent produced by Falco, should only be produced subject to a properly entered Protective Order, which the parties have discussed. Furthermore, Falco also objects to this Request because it seeks information that can easily be obtained by discovery propounded to Honeywell. Falco also objects to Request No. 12 because it is overly broad and unduly burdensome.

Respectfully submitted,

/s/ Luis S. Konski
Daniel A. Milian
Fla. Bar No. 74803
Email: dmilian@fowler-white.com

Luis S. Konski
Fla. Bar No. 207837
Email:  lkonski@fowler-white.com

Ana E. Tovar
Fla. Bar No. 1008100
Email: atovar@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

CASE NO. 3:19-CV-00146

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2020, the foregoing document was electronically filed with the Clerk of the Court using the Florida e-filing portal. I also certify that the foregoing document is being served this day on the attached service list.

/s/ Daniel A. Milian
Daniel A. Milian

CASE NO. 3:19-CV-00146

## **SERVICE LIST**

Martin A. Foos, Esq.
Gottschlich & Portune, LLP
201 SE 6th Street
Dayton, OH 45402
mfoos@gplawdayton.com

Amanda M. Fielder
Warner Norcros & Judd, LLP
150 Ottawa Avenue, NW
Suite 1500
Grand Rapids, MI 49503
afielder@wnj.com

Michael G. Brady, Esq.
Warner Norcross & Judd, LLP
2000 Town Center
Suite 2700
Southfield, MI48075

R. Scott Keller
111 Lynon Street, NW
Suite 900
Grand Rapids, MI 49503
skeller@wnj.com

Thomas J. Manganello
Warner Norross & Judd, LLp
2000 Town Center
Suite 2700
Southfield, MI 48075
tmanganello@mnj.com

Christine M. Haaker, Esq.
Thompson Hine LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, OH 45342
christine.haaker@thomsonhine.com

- 9 -

Kelsey J. Mincheff, Esq.
Thompson Hine LLP
Austin Landing I
10050 Innovation Dr.
Suite 400
Miamisburg, OH 45342

Sean Patrick McCormick, Esq.
Thompson Hine LLP
10050 Innovation Drive
Suite 400
Miamisburg, OH 45342
sean.mccormick@thompsonhine.com

4817-8310-2144, v. 7

# EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

JOHNSON ELECTRIC NORTH AMERICA, INC.
)
*Plaintiff*
)
v.
) Civil Action No. 3:19-CV-00146
HONEYWELL INTERNATIONAL, INC.
)
)
*Defendant*
)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Falco, c/o Ms. Elisa Gibellini, General Counsel, Suite 104, 4970 SW 72nd St., Miami, Florida 33155

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Warner Norcross + Judd LLP<br>150 Ottawa Ave., NW, Ste. 1500<br>Grand Rapids, MI 49503 | Date and Time:<br>06/05/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/19/2020

CLERK OF COURT

OR  *[signature: Amanda M. Fielder]*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-CV-00146

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

No need to appear in person if you will provide the requested documents on or before the date specified on the attached Subpoena.

For purposes of this Subpoena, the term **"document"** is used in its broadest sense and shall include all writings or visible images of any kind, whether in final or draft form, now or at any time in your possession, custody or control, and including all copies of each document if the copies contain any additional writing or are not identical copies of the original (e.g., because typed, handwritten, or "blind" notes appear on them or are attached to them). The term "document" includes, but is not limited to, letters, invoices, contracts, agreements, receipts, correspondence, electronic mail, text messages, memoranda, notes, photographs, diary and calendar entries, records of meetings, minutes or statistical compilations, statements, tape recordings, summaries or records of telephone calls, summaries or records of meetings or conferences, summaries or records of personal conversations or interviews, and records of other conversations or communications. The term **"document"** also includes records stored by any electronic or mechanical means and capable of translation into written form, including but not limited to voicemail or phone mail messages (whether deleted, undeleted, placed on backup tapes, or archived), computer files in both machine-readable and hard copy form, magnetic tapes, and computer disks.

In addition, the term **Honeywell** refers to Honeywell International, Inc. and any of its related entities.

The term **"Falco," "you"** and **"your"** refer to Falco Electronics.

Please provide the following records:

1. All documents related to any contractual agreement or potential agreement with Honeywell, between 2015 and the present, including but not limited to related correspondence and drafts of any such agreement.

2. All documents related to any contractual agreement or potential agreement with Honeywell, related to Honeywell's Alpha 4 Program, including but not limited to related correspondence and drafts of any such agreement.

3. All documents related to the design, manufacture, or production of a meter base, relay or switch for Honeywell's Alpha 4 Program.

4. All documents regarding Honeywell's Alpha 4 Program, including, but not limited to, specifications, requirements, forecasts, purchase orders, quotes, or agreements.

5. All correspondence between Falco Electronics and Honeywell related to the Alpha 4 Program.

6. All correspondence between Falco Electronics and Honeywell mentioning or referring to Johnson Electric.

7. All documents related in any way to Falco's bid, quote, or production of Honeywell's Alpha 4 program, or any related component.

8. All documents that relate in any way to Honeywell's March 5, 2019 E-Auction.

9. Any purchase orders received by Honeywell between April 2016 and the present.

10. All documents related to any meeting between Honeywell and Falco regarding the Alpha 4 Program, including, but not limited to, calendar notices, agendas, meeting notes and related correspondence.

11. All documents related to the design of the Alpha 4 Program as an integrated meter base.

12. All documents related to any ANSI testing of any component of the Alpha 4 Program.

# EXHIBIT "B"

# Daniel A. Milian

| | |
|---|---|
| **From:** | Daniel A. Milian |
| **Sent:** | Thursday, June 18, 2020 1:40 PM |
| **To:** | Luis S. Konski |
| **Subject:** | FW: Johnson Electric North America, Inc. v. Honeywell International, Inc. - Subpoena to "Falco" |

Matter No. 108067

**From:** Fielder, Amanda <AFielder@wnj.com>
**Sent:** Wednesday, June 10, 2020 11:51 AM
**To:** Daniel A. Milian <DMilian@fowler-white.com>; Brady, Michael <MBrady@wnj.com>
**Cc:** Luis S. Konski <LKonski@fowler-white.com>; Zagaroli, Carly <czagaroli@wnj.com>
**Subject:** RE: Johnson Electric North America, Inc. v. Honeywell International, Inc. - Subpoena to "Falco"

Daniel:

Thank you for your time on Monday. As we discussed, you were provided a redacted copy of the letter provided by Ms. Christine Haaker, on behalf of Honeywell, objecting to some of the documents requests in the Subpoena served on Falco.

First, with respect to several of the requests, the only objection or request is that any documents be produced pursuant to a protective order. The parties are currently negotiating the terms of the protective order, as well as a data privacy order. Documents produced by Falco will be governed by the protective order, as it applies to all third parties the same as it applies to the parties. This addresses the concerns with respect to several of the requests, including Request Nos. 2, 3, 4, 5, 7, 8, 10, 11, and 12.

With respect to Request No. 1, we are willing to narrow the request to seek "All documents related to any contractual agreement or potential agreement with Honeywell <u>as it relates to the Alpha4 project</u>, between 2017 and the present, including but not limited to related correspondence and drafts of any such agreement." Please let me know if this is agreeable.

Regarding Request No. 6, we will agree to narrow this request to seek "All correspondence, **between 2017 and the present**, between Falco and Honeywell, that mentions Johnson Electric **and the Alpha4 project, the RexU product, or the supply of products to Johnson Electric for the production of the Alpha 4 project**." Please let me know if this is agreeable.

Finally, with respect to Request No. 9, we will narrow the request to call for "All purchase orders received by Honeywell between **April 2017** and the present for **any products related to the Alpha4 project or RexU products**." Please let me know if this is agreeable.

Thanks in advance for your continued cooperation.

Best,
Amanda

**From:** Fielder, Amanda
**Sent:** Monday, June 8, 2020 7:26 AM

1